IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**SAGEMAYA DANDI,**

      **Plaintiff,**

vs.                                   No. CIV 02-0530 JP/LCS

**JO ANNE B. BARNHART,**[1]
**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**

THIS MATTER is before the Court on Defendant's Motion to Dismiss With Prejudice and Memorandum Brief in Support filed August 19, 2002 *(Doc. 7)*. Plaintiff filed a Response on October 3, 2002 *(Doc. 9)* and Defendant filed a Notice of Completion on November 7, 2002 *(Doc.10)*. The Court has considered the Motion, the Response, the memorandum, and the applicable law, and finds that Defendant's Motion is well-taken and should be **GRANTED** .

      **I.**     **FACTUAL AND PROCEDURAL BACKGROUND**

1.     Plaintiff Sagemaya Dandi, proceeding *pro se* and *in forma pauperis*, filed a Complaint on May 13, 2002 seeking "a (180) one hundred and eighty delay in filing of [his] appeal of Social Security Administration denial of [his] disability claim." Compl. ¶ 1 *(Doc. 1)*.

---

[1]     Effective November 14, 2001, Jo Anne B. Barnhart was appointed to serve as Commissioner of the Social Security Administration. Pursuant to FED. R. CIV. P. 25, Jo Anne B. Barnhart, Commissioner of the Social Security Administration, is substituted for Kenneth Apfel, former Commissioner of the Social Security Administration, as the defendant in this action.

1

Plaintiff further alleged that he was served with an eviction notice by Santa Fe city policy officers. Compl. ¶ 2. Plaintiff stated that he seeks a "federal court order prohibiting any entity from telling me to move as my constitutional rights (Eigth [*sic*] Admendment [*sic*]) are being violated," and "a federal court order prohibiting the City of Santa Fe from entering my premises or disturbing any item within (1/4) one quarter mile of [his] residence." Compl. ¶¶ 3, 4. Attached to Plaintiff's Complaint was a "Notice to All Campers" dated May 13, 2002 which ordered that "all persons who are camping and otherwise residing upon City of Santa Fe property locations without a permit in violation of Section 23-4.11 (A) SFCC 1987 . . . (1) extinguish and douse any fires you may have used for cooking and other purposes; (2) vacate the premises and remove all personal property, animals and other belongings from the site; (3) seek alternative shelter and housing in established residential facility [and] (4) permanently abandon City-owned parkland and other property not intended for residential use." Compl. (unmarked attachment). Plaintiff named Kenneth Apfel as the Defendant.[2]  Defendant thereafter filed a Motion to Dismiss with Prejudice and Memorandum in support of the Motion on August 19, 2002 *(Doc. 7)*.

**Plaintiffs Social Security Claim**

2.      Plaintiff filed an application for supplement security income on March 18, 1996, which was denied initially and on reconsideration. Def. Memo. Ex. A, Aff. of Olga Kelley, at 3 (hereinafter, "Kelley Aff."). On November 19, 1997, an Administrative Law Judge (hereinafter, "ALJ") issued a decision denying the claim, and on October 29, 1998 the Appeals Council denied the Plaintiff's request for review. *Id*. Plaintiff thereafter filed a civil, whereon the Court

---

[2] As noted previously, pursuant to FED. R. CIV. P. 25, Jo Anne B. Barnhart, Commissioner of the Social Security Administration, was substituted for Kenneth Apfel, former Commissioner of the Social Security Administration, as the defendant in this action.

remanded the case to the Commissioner to allow the Commissioner to obtain vocational testimony in connection with a step four and step five analysis. Kelley Aff. at 3; s*ee also* Civ. No. 98-1405, *Dandi v. HHS*, Order Adopting Recommended Disposition filed August 24, 1999 *(Doc. 10)*; Magistrate Judges Proposed Findings and Recommended Disposition filed July 22, 1999 *(Doc. 9)*.

      3.      Upon remand, the ALJ issued a decision finding that the Plaintiff was not eligible for supplemental security income on June 1, 2001. Kelly Aff. at 3. The Notice of Decision apparently stated that Plaintiff could request review by the Appeals Council. Kelley Aff. at 3; Kelley Aff. Ex. 4). On June 12, 2002, the Appeals Council notified Plaintiff that the prior notice indicating that Plaintiff could request review by the Appeals Council was inappropriate, and notified Plaintiff that he could file written exceptions to the decision with the Appeals Council within 30 days. *Id*. The notice indicated that if Plaintiff failed to file written exceptions, the decision would become the final decision of the Commissioner after remand on the 61st day after the date of the notice. *Id*. The notice indicated that Plaintiff would then have 60 days to file a civil action. Kelley Aff. at 3-4; Kelley Aff. Ex. 5). There is no indication that Plaintiff filed written objections. *Id*. On January 22, 2002, a copy of the exhibits and hearing tapes was sent to Plaintiff upon his request. Kelley Aff. at 4. There is no evidence that Plaintiff requested an extension of time to file a civil action. *Id*.

      4.      In his Response to the Motion to Dismiss, Plaintiff claimed that his disability commenced in 1979, that he has been unable to hold a job for very long since that time, and that he did not apply for social security disability until 1995. Pl. Response at (unnumbered) ¶ 2-3. Plaintiff states that "with incending [*sic*] rhetorical hypocrisy, Plaintiff [*sic*] thinks it prudent to

deny my claim without even a hearing in court." Pl. Response at (unnumbered) ¶ 3. Plaintiff further argued that he "stand[s] fore [*sic*] square against Plaintiff's [*sic*] Motion to Dismiss and request a hearing." *Id*. Pl. Response at (unnumbered) ¶ 4.

## II.   12(B)(6) AND SUMMARY JUDGMENT STANDARDS

5.   Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a party may ask the Court to dismiss a complaint for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6).  All well-pleaded factual allegations of the complaint are taken as true and viewed in the light most favorable to the non-moving party. *Id*.  All reasonable inferences raised in the pleadings are resolved in favor of the non-moving party.  *Id*.  A 12(b)(6) motion should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  *Id*.

6.   If, on a 12(b)(6) motion, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56.  FED. R. CIV. P. 12(b).   However, a party may go beyond the allegations contained in the complaint and challenge the facts upon which jurisdiction depends.  *Holt v. United States,* 46 F.3d 1000, 1002 (10th Cir. 1995) (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990).   The Court has wide discretion to allow affidavits or other documents to resolve disputed jurisdictional facts under Rule 12(b).  *Id*.  Where the Court relies upon such evidence outside of the pleadings does not convert the motion to a Rule 56 motion for summary judgment.

7.   A motion for summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that

there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Jones v. Denver Post Corp.*, 203 F.3d 748, 751 (10th Cir. 2000); Fed. R. Civ. P. 56(c). The Court examines the record and makes all inferences in the light most favorable to the non-moving party. *Munoz v. St. Mary-Corwin Hosp.* 221 F.3d 1160, 1164 (10th Cir. 2000). Summary judgment is proper "[w]here the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party." *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)(citing *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 289 (1968)). The party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts"; the nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 586-87 (citing FED. RULE CIV. P. 56(e)). In addition, where the non-moving party will bear the burden of proof at trial on a dispositive issue, "that party 'must go beyond the pleadings' and 'designate specific facts' so as to 'make a showing sufficient to establish the existence of an element essential to that party's case' in order to survive summary judgment." *McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1128 (10th Cir. 1998)(quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986)). Entry of summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which it will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986)).

8. When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts . . .the nonmoving party must come forward with specific facts showing that there is a genuine issue for

trial. FED. RULE CIV. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)(internal citations omitted). Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. *Matsushita*, 475 U.S. at 587. On summary judgment the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Id*. at 588 (internal citations omitted).

### III.   ANALYSIS

9.      A federal court has an independent obligation to examine its own jurisdiction. *Amazon, Inc. v. Dirt Camp, Inc.*, 273 F.3d 1271, 1276 (10th Cir. 2001)(citing *Skrzypczak v. Kauger*, 92 F.3d 1050, 1052 (10th Cir. 1996). 42 U.S.C. Section 405 (g) provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405 (g).

10.     20 C.F.R. Section 422.210 (c) provides that "Any civil action [seeking judicial review of a decision by an administrative law judge] must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council is received by the individual . . . except that this time may be extended by the Appeals Council upon a showing of good cause. For purposes of this section, the date of receipt of notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council shall be presumed to be *5 days after the*

*date of such notice*, unless there is a reasonable showing to the contrary." 20 C.F.R. § 422.210 (c)(emphasis supplied).   In order to seek additional time to file a civil action seeking judicial review of a decision by an ALJ, the party must make such a request in writing and must give the reasons why the action was not filed within the stated time period.  20 C.F.R. § 404.982  The request must be filed with the Appeals Council, or if it concerns an expedited appeals process agreement, with a Social Security office.  *Id*.

11.     Plaintiff filed his Complaint on May 13, 2002.  *See* Compl. *(Doc. 1)*.  The ALJ issued a decision finding that the Plaintiff was not eligible for supplemental security income on June 1, 2001.  Kelly Aff. at 3.  As such, Plaintiff's Complaint was clearly filed more than 60 days after the notice of such decision was mailed to him on June 12, 2001.  *Id*.  Moreover, although Plaintiff requested "a (180) one hundred and eighty delay in filing of [his] appeal of Social Security Administration denial of [his] disability claim," there is no evidence to suggest that Plaintiff filed written objections to the decision of the ALJ.  Compl. ¶ 1 *(Doc. 1)*; Def. Memo. at 2; Kelley Aff. at 4.

12.     The Tenth Circuit has recognized that a plaintiff may not file a complaint seeking judicial review of the denial of benefits outside of the sixty day time period.  *Dozier v. Bowen*, 891 F.2d 769, 770 (10th Cir. 1989).  The plaintiff in *Dozier* had at least sought leave from the Appeals Council to extend the period to file his civil action, which request was denied.  *Id*.  In this case, Plaintiff has not asserted that he sought any such leave.  Moreover, as the Court noted in *Dozier*, even if he had sought leave to extend the time period to file his civil action, a denial of such a request is not a final decision of the Commissioner subject to judicial review.  *Id*. at 770-71.

13.     The sixty-day limitations period of section 405(g) is non-jurisdictional, but rather

operates as a statute of limitations. *See, e.g., Bowen v. New York,* 476 U.S. 467, 474 (1986); *Fletcher v. Apfel*, 210 F.3d 510, 513 (5th Cir. 2000) (internal citations omitted). As the Supreme Court noted in *Bowen*, "the statute of limitations embodied [ in § 405(g) is a mechanism by which Congress was able to move cases to speedy resolution in a bureaucracy that processes millions of claims annually. Thus, the limitation serves both the interest of the claimant and the interest of the Government." *Bowen*, 476 U.S. at 481  As such, dismissal may be appropriate where a complaint is not filed within sixty days of the Appeals Council's decision, as prescribed by 42 U.S.C. § 405(g). *Fletcher*, 210 F.3d at 513. As it is apparent from the face of the Complaint that Plaintiff did not timely file his action in District Court seeking to appeal denial of benefits, it is also apparent that the limitations period for Plaintiff has expired. In addition, although various courts have recognized that the statute of limitations may be equitably tolled in rare cases (*see, e.g., Bowen*, 476 U.S. at 481; *Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999)) no such request has been made in this case.

14.    Accepting as true each allegation Plaintiff made in his complaint, and making all inferences from the record in favor of Plaintiff, it is nevertheless apparent that the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party. *See Matsushita*, 475 U.S. at 587. Plaintiff failed to timely file his complaint in federal court seeking to appeal the denial of benefits. Compl. ¶1; Kelley Aff. at 3-4. Plaintiff has failed to come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 586-87 (citing FED. RULE CIV. P. 56(e)). Summary judgment is thus appropriate. *See Fletcher v. Apfel*, 210 F.3d 510, 512-13 (5th Cir. 2000). Defendants' are entitled to summary judgment as to Plaintiff's first request, for "a (180) one hundred and eighty delay in filing of [his] appeal of

Social Security Administration denial of [his] disability claim," as set forth in Paragraph 1 of the Complaint.

15. In addition to requesting "a (180) one hundred and eighty delay in filing of [his] appeal of Social Security Administration denial of [his] disability claim," Plaintiff sought a "federal court order prohibiting any entity from telling me to move as my constitutional rights (Eigth [sic] Admendment [sic]) are being violated," and "a federal court order prohibiting the City of Santa Fe from entering my premises or disturbing any item within (1/4) one quarter mile of my residence." Compl. ¶¶ 1, 3, 4. The only defendant named in this case is the Commissioner of the Social Security Administration. See Compl. 42 U.S.C. Sec. 405(g) does not provide the Court with any jurisdiction to enter such an order. Taking as true all the allegations set forth in Plaintiff's complaint, and making all inferences in his favor, it is nevertheless apparent that Paragraphs 3 and 4 of Plaintiff's complaint fail to state a claim for which relief may be granted. A 12(b)(6) motion should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. FED. R. CIV. P. 12 (b)(6). Nevertheless, it is apparent that Plaintiff can prove no set of facts that would support his claims for relief as set forth in paragraphs 3 and 4 of the Complaint. Defendants are thus entitled to judgment as a matter of law.

## RECOMMENDED DISPOSITION

I recommend that Defendant's Motion to Dismiss With Prejudice *(Doc. 7)*, which this Court treats as a Motion to Dismiss or in the Alternative, for Summary Judgment, be **GRANTED**, and that summary judgment on paragraph 1 of the Complaint be entered in favor of Defendant, and that the claims set forth in paragraph 3 and 4 be dismissed with prejudice. Timely

objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

 

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**